# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARK DURHAM KROLL,<br>      Plaintiff,<br><br>v.<br><br>ROBERT WILKIE, Secretary of Veterans Affairs,<br>      Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 4:19-CV-65-JVB-JPK<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint Due to Improper Venue or Alternatively to Transfer [DE 7], filed on August 20, 2019, by Defendant Robert Wilkie. Plaintiff Mark Durham Kroll, *pro se*, filed a response on September 12, 2019, and Defendant filed a reply on September 19, 2019. Plaintiff filed a sur-response on November 8, 2019.

In the motion, Defendant requests dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transfer of this case to the United States District Court for the District of Montana under 28 U.S.C. § 1406(a). "When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015) .

Plaintiff has sued Defendant for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 20003-17. (Compl. ¶ 4, ECF No. 1). Title VII has a venue provision which governs cases such as Plaintiff's, and this provision is narrower than the general venue provision found in 28 U.S.C. § 1391. *Moore v. City of Kankakee*, No. 14-cv-5440, 2015 WL 2455116, at *1 (N.D. Ill. May 22, 2015) (citing *Thomas v. Exxon Mobil Oil Corp*, No. 2:06-cv-144, 2007 WL 489225, at *4 (N.D. Ind. Feb. 8, 2007)).

Title VII employment discrimination cases may be brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Further, "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

Defendant notes that Plaintiff does not allege that any unlawful employment practice took place in Indiana and that, based on Plaintiff's complaint and exhibits, all of the alleged events took place in Montana. There is no allegation that the relevant employment records are maintained and administered in the Northern District of Indiana, and the allegations are that Plaintiff's work would have continued in Montana but for employment discrimination.

Plaintiff counters that he has filed suit in a proper venue. He also argues that Secretary Wilkie's office is located in Washington, D.C. He also identifies the comparative populations of Helena, Montana; Hammond, Indiana; the state of Montana; and the state of Indiana and notes that the Fort Harrison V.A. is a major employer for the Helena, Montana, area. Plaintiff argues that the importance of the Fort Harrison V.A. to the Helena area may lead to partiality by the Montana District Court. Plaintiff also states that it is financially difficult for him to travel to Montana for Court hearings. He further identifies that there are V.A. facilities within the Northern District of Indiana and that national networking of computers means that any documents needed for this case are just as available in this district as they are in the District of Montana and witnesses can be deposed telephonically. However, none of Plaintiff's specific arguments change the fact that, on

the record before the Court, Indiana does not qualify as a venue under any of Title VII's venue statute's provisions.

The Court understands that keeping this case in the Northern District of Indiana would be more convenient for Plaintiff, but the Court does not have the discretion to keep the case here in contravention of the venue provision provided by statute in Title VII. Because the unlawful employment practice is not alleged to have been committed in Indiana, because there is no allegation or other indication that employment records relevant to the unlawful employment practice are maintained and administered in Indiana, because Plaintiff would not have worked in Indiana but for the alleged unlawful employment practice, and because, as Plaintiff notes, Defendant's principal office is in Washington, D.C., venue is not proper in Indiana.

Thus, the Court is left with the options of dismissing this case or transferring it to a district in which Plaintiff could have brought suit. *See* 28 U.S.C. § 1406(a). The Court finds that, in the interest of justice, the case should be transferred. On the information before the Court, this case could have been brought in the District of Montana. The Court is unaware of any other judicial district in which venue would be proper, so the Court will transfer this case to the District of Montatna.

Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint Due to Improper Venue or Alternatively to Transfer [DE 7] and **ORDERS** this case to be **TRANSFERRED** to the United States District Court for the District of Montana.

SO ORDERED on December 19, 2019.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*