IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK DURHAM KROLL,<br><br>    Plaintiff,<br>vs.<br><br>ROBERT WILKIE, Secretary of Veterans Affairs,<br><br>    Defendant. | CV-19-85-H-JTJ<br><br>MEMORANDUM AND ORDER |

## INTRODUCTION

Plaintiff Mark Kroll (Kroll) has brought this lawsuit against his former employer the United States Department of Veterans Affairs (VA). Kroll alleges that the VA discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.* (Doc. 1-1 at 2-15). Presently before the Court is the VA's Motion to Dismiss Kroll's Complaint. Kroll opposes the motion.

## BACKGROUND

Kroll worked as a social worker at the VA's health care facility in Fort Harrison, Montana in 2013. (Doc. 1-1 at 1). The VA terminated Kroll's employment on March 18, 2013. *Id.* Kroll filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on June 27, 2013. (Doc.

1 at 1). An Administrative Judge dismissed the administrative complaint on December 20, 2016. (Doc. 1-5 at 22). The Administrative Judge dismissed the complaint because Kroll had failed to appear for status conferences as directed, and Kroll had failed to provide information that was "essential and relevant to the continued processing of his . . . complaint." (Doc. 1-5 at 23).

The EEOC adopted the Administrative Judge's order as its final decision on January 19, 2017. (Doc. 1-5 at 28-31). The EEOC informed Kroll that if he wished to appeal the decision, he had to file his administrative appeal within 30 days of the date he received the decision. (Doc. 1-5 at 30). Kroll received the EEOC's decision on April 24, 2018. (Doc. 1-4 at 27).

Kroll filed his administrative appeal with the EEOC on June 14, 2018, well beyond the 30-day deadline for filing an appeal. (Doc. 1-4 at 28). The EEOC dismissed the administrative appeal on October 4, 2018, on grounds the appeal was untimely. (Doc. 1-4 at 26-28).

The order dismissing Kroll's administrative appeal contained a right-to-sue notice. (Doc. 1-4 at 29-30). The right-to-sue notice informed Kroll that if he wished to file a related court action, he had to file his lawsuit within 90 days of the date he received the EEOC's right-to-sue notice. (Doc. 1-4 at 30). Kroll received the EEOC's right-to-sue notice on October 18, 2018. (Doc. 1-1 at 15).

Kroll filed the present lawsuit in the United States District Court for the Northern District of Indiana on June 25, 2019. (Doc. 1). Kroll asserted claims against the VA for hostile work environment and retaliation. *Id.* The Indiana District Court transferred the case here on December 19, 2019. (Doc. 14).

The VA filed the present motion to dismiss on January 31, 2020, and again on April 29, 2020. (Docs. 29, 36). The VA renewed its motion to dismiss on April 29, 2020, because Kroll had amended his Complaint on April 20, 2020, to include a revised prayer for relief. (Doc. 35). The VA argues that Kroll's Complaint, as amended on April 20, 2020, should be dismissed because all of Kroll's Title VII claims are time-barred. The VA argues that the Title VII claims are time-barred because Kroll failed to file this lawsuit within 90 days of the date that he received his right-to-sue notice from the EEOC.

## DISCUSSION

Title VII provides that when the EEOC dismisses a plaintiff's administrative charge of discrimination and issues a right-to-sue notice, the plaintiff must file any related court action within 90 days of his receipt of the right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). If a plaintiff fails to file his court action within this 90-day time period, his discrimination claim is time-barred. *Payan v. Aramark Management Services Ltd.*, 495 F.3d 1119, 1121 (9th Cir. 2007).

Here, the EEOC issued its order dismissing Kroll's administrative appeal on October 4, 2018. (Doc. 1-4 at 26-28). The order contained a right-to-sue notice. (Doc. 1-4 at 29-30). The right-to-sue notice informed Kroll that any related lawsuit had to be filed within 90 days from the date he received the right-to-sue notice. (Doc. 1-4 at 30). Kroll received the EEOC's right-to-sue notice on October 18, 2018. (Doc. 1-1 at 15).

Kroll had 90 days from October 18, 2018, to file his lawsuit against the VA. *See* 42 U.S.C. § 2000e-5(f)(1). The 90-day period expired on January 16, 2019. Kroll filed his original Complaint in this matter on June 25, 2018, 160 days after the applicable deadline. (Doc. 1). Kroll's Title VII claims are therefore time-barred unless grounds exist to invoke the doctrine of equitable tolling. *Scholar v. Pacific Bell*, 963 F.2d 264, 267-268 (9th Cir. 1992).

Federal courts apply the doctrine of equitable tolling "sparingly." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Federal courts have allowed equitable tolling when the plaintiff was tricked by an adversary into allowing the filing deadline to expire, and when "extraordinary circumstances" beyond the plaintiff's control made it impossible for the plaintiff to file his claims on time. See *Rice v. Potter*, 2007 WL 9728738, *4 (D. Mont. May 10, 2007); *Scholar*, 963 F.2d at 267-268. Equitable tolling is not available, however, "when

a late filing is due to [the plaintiff's] failure to exercise due diligence in preserving his legal rights." *Scholar*, 963 F.2d at 268 (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Kroll argues that he missed the filing deadline because he had made the decision to forego filing his lawsuit until the VA responded to the Freedom of Information Act (FOIA) request he submitted in 2018. (Doc. 33 at 10-12; Doc. 1-1 at 15). Kroll's argument does not implicate an "extraordinary circumstance" that would warrant tolling the 90-day statute of limitations. Kroll's Title VII claims are therefore time-barred under 42 U.S.C. § 2000e-5(f)(1).

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's Motion to Dismiss (Docs. 29, 36) is GRANTED.

2. This case is DISMISSED with prejudice.

3. The Clerk is directed to enter judgment accordingly.

DATED this 3rd day of September, 2020.

*[signature]*
John Johnston
United States Magistrate Judge